UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENG CHAMPKUNGSING | CRIMINAL ACTION NO. 6:07-60037-05 |
| | CIVIL ACTION NO. 6:10-0166 |
| VERSUS | |
| UNITED STATES OF AMERICA | JUDGE WALTER |
| | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the Court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner, Eng Chamkungsing, on February 5, 2010. While the petition is filed on this court's standardized form for Motions pursuant to 28 U.S.C. § 2255, the petition is nevertheless properly construed as having been filed pursuant to 28 U.S.C. § 2241. Petitioner does not contest the validity of his sentence, but rather attacks the manner in which his sentence is being carried out. Chamkungsign is currently incarcerated at the Adams County Correctional Center in Washington, Mississippi. This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

For the reasons which follow, the undersigned recommends that this petition be **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.**

LAW AND ANALYSIS

In the instant petition, Champkungsing complains that the Bureau of Prisons has discriminated against him based on his nationality and status as an alien by failing to allow him to be placed in a halfway house to complete his federal sentence and by failing

to permit him to earn a reduction of his sentence by participating in a drug treatment program. *See* 18 U.S.C. § 3621(b) and (e); 18 U.S.C. § 3624(c).

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and § 2255 is the proper means of attacking errors that occurred during or before sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997). A § 2255 petition, which contests the validity of the sentence, must be filed in the sentencing court. *Lee v. Wetzel,* 244 F.3d 370, 374 fn. 3 (5th Cir. 2001) *citing Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000). In contrast, a petition for *habeas corpus* filed under § 2241 "attacks the manner in which a sentence is carried out," and must be filed in the district with jurisdiction over the prisoner or his custodian. *Id. citing Pack*, 218 F.3d at 451 and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

While petitioner was convicted and sentenced by this court, his present complaints do not implicate the validity of his sentence. To the contrary, petitioner's complaints are directed to the manner in which his sentence is being carried out. Indeed, the Fifth Circuit has considered complaints similar to those raised by petitioner in the context of § 2241 *habeas corpus* petitions. *See Rivkin v. Tamez*, 2009 WL 3489428 (5th Cir. 2009); *Tischendorf v. Buren*, 285 Fed.Appx. 154 (5th Cir. 2008); *Wottlin v. Fleming*, 136 F.3d 1032 (5th Cir. 1998); *Robichaux v. Warden*, 70 F.3d 1268 (5th Cir. 1995); *See also Wuertenberg v. Young*, 2009 WL 4227453 (W.D.La. 2009). Accordingly, this petition is

properly construed as a petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241.

The Fifth Circuit has "firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee,* 244 F.3d at 373 *citing Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999) ("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated. As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition." (internal citations omitted)) and *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir.1991) ("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].").

Furthermore, the grant of a writ of *habeas corpus* operates against the restraining authority. *Id.* at 374 *citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Therefore, the court issuing the writ of *habeas corpus* must have jurisdiction over the petitioner or his custodian. *Id. citing Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir.1999); *See also Rumsfeld v. Padilla*, 542 U.S. 426, 442-443, 124 S.Ct. 2711 (2004). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Id.* Petitioner is currently incarcerated in Washington, Mississippi, which is located within the jurisdiction of the United States District Court for the Southern District of Mississippi. Accordingly, the

Western District of Louisiana lacks jurisdiction over both petitioner and his immediate custodian to consider the merits of Champkungsing's petition or to grant Champkungsing the relief he requests. *Lee* and *Rumsfeld, supra*.

Because this court is not the proper court to hear petitioner's claims or to grant him the relief requested, the undersigned recommends that this petition be transferred to the United States District Court for the Southern District of Mississippi, where petitioner is currently incarcerated and where his immediate custodian is located.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile*

4

*Association*, **79 F.3d 1415 (5th 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 18th day of February, 2010.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE